UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARMEN Y. MARTINEZ,

Plaintiff,

Case No. 2:25-cv-668-KCD-NPM

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant,

_______________________________/

**ORDER**

Plaintiff Carmen Martinez filed a petition seeking Social Security disability benefits, which an Administrative Law Judge denied. After Martinez appealed that denial to this Court, Magistrate Judge Nicholas P. Mizell issued a Report and Recommendation ("R&R") to reverse and remand the decision because the ALJ mistakenly relied on events that happened after the alleged period of disability. (Doc. 21.)[1] The Commissioner of Social Security now objects to that recommendation, arguing primarily that the ALJ's timeline mix-up was a harmless typo. (Doc. 22.)

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

party makes specific objections, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Martinez initially alleged a continuing disability starting January 1, 2021. But before her hearing, she amended her claim, asking only for a "closed period" of disability ending on August 1, 2023. The reason for the cutoff was straightforward: she enrolled in a full-time cosmetology program, eventually graduating in June 2024. By capping her claim, Martinez essentially conceded that once she was well enough to handle school, she was no longer disabled. The ALJ denied the closed-period claim. In doing so, the ALJ analyzed Martinez's claim as if she not only attended, but also completed, cosmetology school during the closed period. But that was wrong. As Judge Mizell rightly noted, "the ALJ's step-three and step-four reasoning expressly relied on the erroneous belief that Martinez had completed cosmetology school during the time in question." (Doc. 21 at 9.)

The Commissioner urges the Court to overlook this timeline mix-up as a mere "scrivener's error." (Doc. 22 at 3.) Because the ALJ correctly noted the 2024 graduation date elsewhere in his decision, the Commissioner concludes that this finding was just a typo that did not infect the overall analysis.

The Court cannot agree. The ALJ's error was not a not merely a stray keystroke. It was a significant part of his findings regarding Martinez's mental limitations. The ALJ explicitly used the fictitious 2023 graduation to

discount the opinion of a state-agency psychiatric consultant who had found Martinez suffered from moderate limitations during the closed period. (Tr. 31-32, 122-35.) By treating Martinez's ultimate success in cosmetology school as occurring contemporaneously with her closed period, the ALJ improperly used her post-recovery capabilities to evaluate her condition.

The Commissioner tries another route, arguing that because Martinez never claimed her mental functioning improved to end the closed period, her mental state must have remained constant. (Doc. 22 at 2-3.) Under that theory, the Commissioner suggests the ALJ was free to use Martinez's later success in cosmetology school to evaluate her mental capacity during the earlier closed period. It's not entirely clear that Martinez was claiming only physical improvements. But even so, the Commissioner's argument does not cure the ALJ's underlying error. He did not merely use a 2024 graduation to infer past capabilities. He used the false premise of a 2023 graduation to reject a state-agency psychiatric consultant's findings. An administrative decision must be supported by substantial evidence and based on proper legal standards. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). Building a residual functional capacity analysis on an event that had not yet occurred fails that basic test.

Finally, the Commissioner's brief ignores Judge Mizell's finding that the timeline trouble did not stop at cosmetology school. The ALJ also

repeatedly invoked a roller-skating incident from Spring of 2024 to evaluate Martinez's limitations. (Doc. 21 at 9-10.) To state the obvious, a 2024 accident tells us little, if anything, about a claimant's disability status years earlier. By leaving these additional post-period errors unaddressed, the Commissioner fails to rehabilitate a decision that is fundamentally untethered from the relevant timeframe.

The Commissioner essentially asks this Court to take a red pen to the administrative record—striking out the ALJ's mistaken dates, waving away the reliance on post-period events, and piecing together a new evidentiary foundation to save the decision. But that is not something we can (or should) do. Judge Mizell properly recognized that the ALJ's decision rested on a fundamentally flawed timeline. After an independent review, the Court finds no error in that assessment. Accordingly, it is now **ORDERED**:

1. The Commissioner's Objections to the Report and Recommendation (Doc. 22) are **OVERRULED**.

2. Judge Mizell's Report and Recommendation (Doc. 21) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

3. Martinez's appeal (Doc. 18) is **GRANTED** and the decision of the Commissioner is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is directed to enter judgment in Martinez's favor, terminate all scheduled events, and close the case.

**ORDERED** in Fort Myers, Florida on August 28, 2026.

Kyle C. Dudek
United States District Judge